IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DJUAN PRESTON WILLIAMS,

    Plaintiff,

v.                                                        Case No. 20-1357-JWB

MILLIGANS ENTERPRISES INC.,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss for failure to state a claim upon which relief may be granted.[1] (Doc. 12.) The motion has been fully briefed and is ripe for review. (Docs. 12, 13, 17.) However, the court is unable to read Plaintiff's illegible Complaint[2] (Doc. 1.) For the reasons discussed herein, Defendant's motion to dismiss is TAKEN UNDER ADVISEMENT.

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the

---

[1] Defendant also argues for dismissal due to failure to obtain timely service of process. (Doc. 12 at 7-8.) However, the service deadline was extended by order of the assigned magistrate. (Doc. 5.)

[2] The clerk's office informed the court that Plaintiff filed the Complaint and accompanying documents by fax. The current Complaint, as it appears on the court's docket, is an accurate representation of what was provided to the clerk's office.

factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*.

The court has reviewed the Complaint and finds that it is illegible. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This plain statement serves the purpose of providing "defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests." *Gorenc v. Klaassen*, 421 F. Supp. 3d. 1140, 1148 (D. Kan. 2007). Here, the Complaint, as supplied by Plaintiff, is intensely darkened with almost every page being halfway blacked out. The court can barely cobble together anything Plaintiff states throughout his Complaint, with only half sentences available at best. *See generally* (Doc. 1.) As such, Defendant has not been provided with the required fair notice.

Because it is possible that Plaintiff could overcome these deficiencies by amending his claims, the court will give him an opportunity to file an amended complaint. *See Collier v. AT&T, Inc.*, 2017 WL 4284868, *5 (D. Kan. Sept. 27, 2017) (a pro se litigant bringing suit in forma pauperis is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect).

Accordingly, Defendant's motion to dismiss (Doc. 12) is TAKEN UNDER ADVISEMENT. Plaintiff is granted until June 21, 2021 to file an amended complaint. If no amended complaint is filed by that date, the court will grant Defendant's pending motion to dismiss, and the action will be dismissed.

IT IS SO ORDERED this 2nd day of June, 2021.

                                                   _s/ John W. Broomes_
                                                   JOHN W. BROOMES
                                                   UNITED STATES DISTRICT JUDGE