IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DJUAN PRESTON WILLIAMS,

     Plaintiff,

v.                                    Case No. 20-1357-JWB

MILLIGANS ENTERPRISES INC.,

     Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss for failure to state a claim upon which relief may be granted.[1]  (Doc. 21.)  The motion has been fully briefed and is ripe for review.  (Docs. 21, 23, 24.)  For the reasons discussed herein, Defendant's motion to dismiss is GRANTED.

## I.    Background

Plaintiff was employed as a crewmember by Milligan Enterprises at its McDonald's franchise restaurant in Ulysses, Kansas from August 29, 2020 to November 4, 2020.  (Doc. 19 at 13.)  During this time, Plaintiff alleges he performed his duties "in a satisfactory manner."  (*Id.*)  Despite this, on October 21, 2020, Plaintiff was not provided an opportunity to interview for an assistant manager position.  (*Id.*)  Plaintiff is "the only African American employee in a dominant Mexican culture environment."  (*Id.*)  Because of this, Plaintiff believes he has "been overlooked for advancement, raises and treated differently based on [his] ethnicity."  (*Id.*)

---

[1] Defendant also argues for dismissal due to failure to obtain timely service of process.  (Doc. 21 at 5-9.)  However, the service deadline was extended by order of the assigned magistrate judge.  (Doc. 5.)

On November 2, 2020, Plaintiff filed a Charge of Discrimination, based on race and retaliation, with the Equal Employment Opportunity Commission ("EEOC"). (*Id*.)  In his EEOC Charge, Plaintiff marked race and retaliation as the basis for his claims.  However, Plaintiff did not mark age as a basis for discrimination in his EEOC Charge. (*Id*. at 13-14.)  Plaintiff filed the initial Complaint on December 19, 2020.  Plaintiff received his right to sue letter from the EEOC on February 9, 2021. (Doc. 19 at 11.)  On June 2, 2021, the undersigned ordered Plaintiff to file a legible amended complaint. (Doc. 18.)  Plaintiff filed his Amended Complaint on June 8, 2021. (Doc. 19.)  In his Amended Complaint, Plaintiff alleges violations under Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967 (ADEA), and a violation of the Kansas Equal Pay Act. (*Id*. at 1.)

## II.    Standards

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings.  *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).  The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *Id*.

### III.   Analysis

After reviewing the allegations from the Amended Complaint and the additional information attached thereto, the court concludes Plaintiff has failed to provide a sufficient factual basis to raise a right to relief above the speculative level. Being mindful of the fact that Plaintiff is proceeding pro se, the court has "tried to discern the kernel of the issues [] he wishes to present . . . ." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n. 4 (10th Cir. 2007). Yet, a complaint must at least contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This plain statement serves the purpose of providing "defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests." *Gorenc v. Klaassen*, 421 F. Supp. 3d. 1140, 1148 (D. Kan. 2007).

Here, the Amended Complaint is devoid of any specific factual allegations illustrating a cognizable claim. Instead, Plaintiff simply provided a list of rules before concluding that "under [the] laws stated," he is entitled to relief. (Doc. 19 at 2.) This is insufficient to raise any discrimination-based claim above the speculative level. Plaintiff has not alleged any facts to show that he was qualified for the position at issue. *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998) (noting plaintiffs in both Title VII and ADEA claims must allege they were qualified for the position at issue). Likewise, Plaintiff merely states that Defendant violated the Kansas Equal Pay Act without listing a single fact in support. (Doc. 19 at 1.) As such, Defendant has not been provided with the required fair notice.

**IV.    Conclusion**

Accordingly, Defendant's motion to dismiss (Doc. 21) is GRANTED.

IT IS SO ORDERED this 24th day of September, 2021.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE